IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

SHELLY JO LONGO,

        Plaintiff,

   v.                                         Civil Action No.
                                               6:15-CV-430 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

        Defendant.

_____

APPEARANCES:                       OF COUNSEL:

FOR PLAINTIFF:

OLINSKY LAW GROUP            HOWARD D. OLINSKY, ESQ.
300 S. State Street                EDWARD A. WICKLUND, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202

FOR DEFENDANT:

HON. RICHARD S. HARTUNIAN    HASEEB FATMI, ESQ.
United States Attorney           DAVID L. BROWN, ESQ.
P.O. Box 7198                      KAREN T. CALLAHAN, ESQ.
100 S. Clinton Street            Special Assistant U.S. Attorneys
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on July 21, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: July 22, 2016
Syracuse, NY

```
 1   UNITED STATES  DISTRICT COURT
     NORTHERN DISTRICT OF NEW YORK
 2   ---------------------------------------------x
     SHELLY JO LONGO,
 3
                              Plaintiff,
 4
     vs.                          6:15-CV-430
 5
     CAROLYN W. COLVIN, Acting Commissioner of
 6   Social Security,

 7
                              Defendant.
 8   ---------------------------------------------x

 9       Transcript of a **Decision** held during a

10   Telephone Conference on July 21, 2016, at the James

11   Hanley Federal Building, 100 South Clinton Street,

12   Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

13   United States Magistrate Judge, Presiding.

14                    A P P E A R A N C E S

15                       (By Telephone)

16   For Plaintiff:      OLINSKY LAW GROUP
                         Attorneys at Law
17                       300 S. State Street
                         Suite 420
18                       Syracuse, New York  13202
                           BY:  EDWARD A. WICKLUND, ESQ.
19
     For Defendant:      SOCIAL SECURITY ADMINISTRATION
20                       Office of Regional General Counsel
                         Region II
21                       26 Federal Plaza - Room 3904
                         New York, New York  10278
22                         BY:  HASEEB FATMI, ESQ.

23
                   *Jodi L. Hibbard, RPR, CSR, CRR*
24            *Official United States Court Reporter*
                      *100 South Clinton Street*
25               *Syracuse, New York  13261-7367*
                         *(315) 234-8547*
```

1     (In Chambers, Counsel present by telephone.)

2     THE COURT:  All right.  Very good.  I'll have to
3  let that be the last word.

4     I have before me a request for judicial review of
5  an adverse determination of the Commissioner under 42 United
6  States Code Section 405(g).  The background is as follows:
7  Plaintiff was born in August of 1954 and is currently 61
8  years old, was 53 years old at the date of her alleged onset
9  of the disability.  She's married and lives in Rome, New York
10 with her husband.  She has a high school degree or diploma
11 and has taken one year of college courses.  She drives.  She,
12 for 21 years, served as a licensed insurance agent and
13 broker.  She was laid off in May of 2008, which is
14 coincidentally the date she alleges her disability onset
15 occurred.  She was laid off due to downsizing.  She drew
16 unemployment.  She looked for work until shortly after her
17 unemployment insurance ended.  She's not worked since May of
18 2008.

19    She suffers from irritable bowel syndrome and
20 Crohn's disease, that was diagnosed more than 10 years ago.
21 She also suffers from gastroes -- esophageal reflux disease
22 or GERD.  She has a history of GERD, she suffers from asthma
23 and allergy and depression and anxiety.  Her primary care
24 provider is Dr. Brian Alessi, A-l-e-s-s-i.  For mental health
25 she has seen Dr. Minhaj Siddiqi, M-i-n-h-a-j, Siddiqi,

1  S-i-d-d-i-q-i, and for her Crohn's disease, her specialist is
2  Dr. Ajay, A-j-a-y, Goel, G-o-e-l.  She has at various times
3  been prescribed Cymbalta, Abilify, Xanax, BuSpar, Wellbutrin,
4  Evista, Singulair, Zyrtec, and Klonopin.
5       She procedurally applied for benefits under
6  Title II of the Social Security Act in August of 2011.  A
7  hearing was conducted by Administrative Law Judge F. Patrick
8  Flanagan who rendered an adverse decision on December 13,
9  2012.  That decision was vacated and the matter was remanded
10 by the Social Security Administration Appeals Council on
11 February 7, 2014.  A second hearing was conducted by ALJ
12 Flanagan on July 22, 2014.  ALJ Flanagan issued a decision on
13 August 27, 2014.  The Social Security Administration Appeals
14 Council denied plaintiff's request for review of that
15 determination on February 12, 2015, making the ALJ's decision
16 a final determination of the agency.
17      In his second decision, ALJ Flanagan applied the
18 familiar five-step sequential test for determining
19 disability, concluded that plaintiff had not engaged in
20 substantial gainful activity from the time of her onset until
21 the time that her insured status ended on December 31, 2013;
22 found at step 2 that plaintiff suffers from severe
23 impairments including IBS/Crohn's disease (in good control),
24 GERD, asthma, depression, and anxiety.
25      At step 3, he concluded that the plaintiff's

13

1  conditions did not meet or equal any of the listed
2  presumptively disabling conditions set forth in the
3  regulations.
4  After surveying the evidence, ALJ Flanagan
5  concluded that plaintiff retains the RFC to perform less than
6  a full range of light work.  Specifically he found she can
7  lift and/or carry and push and pull 20 pounds occasionally,
8  10 pounds frequently, stand and/or walk six hours and sit six
9  hours in an eight-hour workday.  She also must avoid
10 concentrated exposure to fumes, gases, cold temperatures
11 below 65 degrees, smoke or dust-filled environments.
12 Mentally, he found that she cannot perform
13 fast-paced, although it says "faced" in the decision,
14 production work, and could not do work involving
15 responsibility for the safety of others, negotiation,
16 persuasion, or confrontation with others.  Otherwise, she can
17 deal with normal productivity and can relate to supervisors,
18 coworkers, and the public.
19 Applying that residual functional capacity, the ALJ
20 concluded that plaintiff is not able to perform her past
21 relevant work.  After surveying the grids and concluding that
22 if she were able to perform light work, Rules 202.15 and
23 202.07 would direct a finding of no disability.
24 He, however, elicited testimony from a vocational
25 expert and concluded that plaintiff is capable of performing

1  in three positions where there is work available in the
2  national economy, including as a policyholder information
3  clerk, a claims clerk 2, and an outside industry insurance
4  industry order clerk, therefore, concluded that the plaintiff
5  is not disabled.
6  　　　　As you know, my task is to determine whether the
7  findings of the administrative law judge are supported by
8  substantial evidence and correct legal principles were
9  applied.  It is a highly deferential standard.
10 　　　　First with regard to the argument that the record
11 was not fully developed and that the gastroenterologist
12 should have been recontacted, obviously there is a
13 requirement imposed on the Commissioner and the ALJ as the
14 Commissioner's designate to develop a complete medical
15 history and if gaps exist, to develop the record more fully.
16 And that obligation exists even in cases where the plaintiff
17 has the benefit of legal counsel.
18 　　　　In this case, I do not find that there were any
19 gaps.  It is the plaintiff's burden to establish disability
20 at steps 1 through 4, or a basis for disability, I should
21 say.  The plaintiff was questioned at both hearings about her
22 having to take two to six restroom breaks per day.  She did
23 not specify other than to say that the duration varied.  I
24 cannot imagine that recontacting her gastroenterologist would
25 have shed light on how long it would take her at each of

1      those breaks.  So I do not find that there was a critical gap
2      and a failure to develop the record.
3              The issue of transferability is very interesting
4      and I enjoyed looking into it and learning more about the
5      distinction between traits or aptitudes and skills when it
6      comes to transferability because this is one of the few cases
7      that I've seen frankly where transferability is pivotal.  And
8      I found most helpful the Social Security Ruling 82-41.  It
9      defines a skill as follows:  A skill is knowledge of a work
10     activity which requires the exercise of significant judgment
11     that goes beyond the carrying out of simple job duties and is
12     acquired through performance of an occupation which is above
13     the unskilled level (requires more than 30 days to learn).
14     It is practical and familiar knowledge of the principles and
15     processes of an art, science, or trade combined with the
16     ability to apply them in practice in a proper and approved
17     manner.  This includes activities like making precise
18     measurements, reading blueprints, and setting up and
19     operating complex machinery.  A skill gives a person a
20     special advantage over unskilled workers in the labor market.
21     And it goes on to describe how skills are gained.
22              I reviewed carefully the Second Circuit's decision
23     in *Draegert v. Barnhart*, and also the Second Circuit's
24     decision in *Lamorey v. Barnhart*, which I believe was also
25     cited, and I am unable to conclude that the skills that were

1 identified by the vocational expert are not truly skills when
2 it comes to considering transferability.
3     At page 47 as was indicated, the vocational expert
4 identified as skills customer service and basic
5 clerical-oriented skills, business clerical, and also
6 obviously an understanding of the insurance, insurance
7 policy.  When he identified the three jobs that exist that
8 plaintiff is capable in his view of performing, he went on to
9 indicate how those skills would relate to each.
10     For example, with regard to policyholder
11 information clerk, he stated the individual's understanding
12 of insurance, specifically with her broker background and the
13 customer service skills, would transfer directly into this
14 type of work.
15     When he was dealing with the second position,
16 claims clerk 2, he indicated the skills that would transfer
17 to that position again would be the individual's customer
18 service skills and an understanding of the insurance industry
19 along with her clerical skills from the job she performed as
20 an insurance agent.
21     With regard to the third position, he felt that her
22 skills obtained as a customer service individual working on
23 the telephone would transfer directly to that job as order
24 clerk.
25     So I do not find any flaw or error with regard to

1 transferability.

2 The third issue raised by the plaintiff is
3 credibility, and the administrative law judge correctly
4 applied the two-step credibility test.

5 First, looking to whether the objective clinical
6 evidence demonstrated an impairment that could reasonably
7 produce the pain that is, or symptoms that are testified to,
8 and then secondly, considered the various activities -- I'm
9 sorry, the various factors in determining what extent of
10 credibility to attribute to the plaintiff's testimony, and I
11 think I already indicated that I've reviewed carefully the
12 administrative law judge's decision and credibility
13 assessment and I find that it does meet the requirements of
14 the applicable regulations.

15 So in sum, I will grant judgment on the pleadings
16 to the defendant, affirm the Commissioner's determination,
17 and order dismissal of plaintiff's complaint.

18 Thank you both for excellent presentations, it was
19 an interesting case, and I hope you have a good summer.

20 MR. WICKLUND: Thank you, your Honor.

21 MR. FATMI: Thank you so much, your Honor.

22 (Proceedings Adjourned, 2:27 p.m.)

1    CERTIFICATE OF OFFICIAL REPORTER
2
3
4        I, JODI L. HIBBARD, RPR, CRR, CSR, Federal
5    Official Realtime Court Reporter, in and for the
6    United States District Court for the Northern
7    District of New York, DO HEREBY CERTIFY that
8    pursuant to Section 753, Title 28, United States
9    Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                   Dated this 21st day of July, 2016.
17
18
19                        /S/ JODI L. HIBBARD
20                        JODI L. HIBBARD, RPR, CRR, CSR
                          Official U.S. Court Reporter
21
22
23
24
25

JODI L. HIBBARD, RPR, CRR, CSR
(315) 234-8547